**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 11-20113

DEANGELO WADE,

    Defendant.
                                              /

**ORDER DIRECTING GOVERNMENT TO FILE RESPONSE TO DEFENDANT
DEANGELO WADE'S MOTION FOR VARIANCE AND SUPPLEMENTAL BRIEF,
DENYING DEFENDANT WADE'S EX PARTE MOTION FOR HEARING DATE AND
RESCHEDULING DEFENDANTS WADE AND ABE BEYDOUN'S SENTENCING**

On April 15, 2011, the court accepted Defendant Deangelo Wade's plea of guilty to bank fraud, 18 U.S.C. § 1344, and filing a false tax return, 26 U.S.C. § 7206(1). During his plea colloquy, Defendant stated, under oath, that he was not forced or threatened to plead guilty, and that no one had done anything he thought was improper, illegal, or unethical to induce his plea. Defendant also claimed to have accepted full responsibility for his actions.

Despite these unambiguous statements made under oath, Defendant subsequently filed a motion for sentencing guideline variance, [Dkt # 20], and a supplemental brief in support of his motion for variance, [Dkt. # 25], in which he lodged serious accusations against the Government and cast doubt on his acceptance of responsibility. For example, Defendant alleges that he "was always threatened with the fact that, if he did not plea [sic], he could be potentially charged for mortgage fraud in every one of his 'flipped' real estate transactions." (Def.'s Suppl. Br. at 12, [Dkt. # 25].) Defendant further stated that he "chose to accept accountability for criminal tax fraud

and agreed to plea [sic] to the felony charge based upon the assurances from the prosecution of no mortgage fraud and the high likelihood of probation." (*Id.*) These statements appear contrary to the terms of Defendant's Rule 11 Agreement, which contemplates a term of imprisonment, and Defendant's sworn statement that no promises or deals, other than those evinced in the Rule 11 agreement, existed. Defendant also casts doubt on his acceptance of responsibility, stating in his supplemental brief that "[h]e really did not participate in the preparation of his tax returns . . . [and] was . . . relying upon the advice and services of the professionals." (*Id.* at 10.) The court is inclined to believe that if the plea stands, the Defendant's many statements disclaiming culpability amount to a rejection rather than an acceptance of responsibility.

In response to Defendant's allegations, which include many pages of what appears to be a complex alternate factual background indicating virtually no criminal responsibility on the part of Defendant, the Government filed a response consisting of a mere four sentences. Such response utterly fails to address Defendant's sharp accusations, and states only that "[t]he court should determine a variance from the guidelines if a variance is warranted." (Pl.'s First Resp. to Def.'s Mot. for Variance, [Dkt. # 24].)

On November 3, 2011, the Government filed a second response to Defendant's motion for variance, [Dkt. # 27], in which the Government notes that "the parties agreed pursuant to the Rule 11 Agreement that the loss sustained as the result of the Tuscan Hills home was in excess to [sic] $1,000,000." (Pl.'s Second Resp. to Def.'s Mot. for Variance at 1, [Dkt. # 27].) The Government also noted that "the Agreement provided that the counts should be grouped as closely related conduct," and concluded saying

2

that "[t]he offense level agreed to in the Rule 11 Agreement . . . should be the offense level used." (*Id.* at 1-2.) In examining the Rule 11 Agreement, the court finds that the parties agreed to "recommend to the Court . . . a sentence of imprisonment within the range of 41 to 51 months" but that they also "understand that their recommendation is not binding on the Court." (R. 11 Agreement at 3, [Dkt. # 8].) The court accordingly receives the Government's most recent statements only as an effort to maintain the position it agreed to in the Rule 11, and not as an implication that such agreements should be thought binding on the court.

In apparent response to the Government's November 3 filing, Defendant filed a "'*Corrected*' Supplemental Brief For Guideline Variance and Sentencing Memorandum," [Dkt. # 28] (italics in original), in which (1) a certain factual error concerning co-defendant Beydoun is restated and corrected, and (2) Defendant's earlier statement that "only he was keeping 'his end of the bargain'" is withdrawn. (*See* Def.'s Corrected Suppl. Br., [Dkt. # 28].) Even so, Defendant's original troubling statements linger.

In light of the various contradictions and the extremely serious allegations contained in Defendant's original motion and first supplemental brief, and because the Government has not fully responded to these allegations, the court will order the Government to file an additional response, specifically addressing at least these issues:

1. Defendant's claim that his plea was "based upon sentencing guidelines of 41-51 months" (Def.'s Ex Parte Mot. to Set Hearing Date at ¶ 7, [Dkt. # 26]);
2. Defendant's accusations that the Government used specific threats of many additional criminal charges to induce Defendant's plea (Def.'s Suppl. Br. at 12,

    [Dkt. # 25]); if a no-prosecution agreement was a component of the Rule 11, the Government should explain why it was not specified;

3. Defendant's implication that he relied entirely upon his accountant and bears no criminal responsibility (*Id.*);

4. Defendant's statement that he "believed he would receive a probationary sentence," and how that assertion bears upon the voluntariness of the guilty plea, (Def.'s Mot. for Variance Br. at 1 [Dkt. # 20]);

5. Defendant's statement that the facts in the Rule 11 Agreement are "just plain wrong" (*Id.* at 4);

6. Defendant's argument that the victims' "wrongful conduct contributed significantly to provoking the offense conduct" (*Id.* at 11);

7. Defendant's assertion that the pre-trial diversion of the alleged "mastermind" co-conspirator, Salvatore Cristarella, justifies a below-guidelines sentence (*Id.*);

8. Defendant's characterization of straw purchasers of the Tuscan Hills lots as "investors"  (Def.'s Mot. For Variance at 4, [Dkt. # 20]).

Defendant has also filed an "Ex Parte Motion to Set Hearing Date to Resolve Disputed Sentencing Factors" [Dkt. # 26].  Because Defendant's counsel will have the opportunity to present arguments related to the sentencing factors at Defendant's sentencing hearing, the court will deny the ex parte motion.  Accordingly,

IT IS ORDERED that the Government shall file a comprehensive response to Defendant's motion for variance and supplemental brief addressing each of the enumerated points above on or before **November 23, 2011**.

4

IT IS FURTHER ORDERED that Defendant's "Ex Parte Motion to Set Hearing Date to Resolve Disputed Sentencing Factors" [Dkt. # 26] is DENIED.

IT IS FURTHER ORDERED that the November 14, 2011 sentencing hearing for Defendants Deangelo Wade and Abe Beydoun is RESCHEDULED for **December 8, 2011, at 3:00 p.m.**

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  November 8, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 8, 2011, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-20113.WADE.Order.Directing.Gov't.to.Resp.Def.Variance.jrc.3.wpd